IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,645-01






EX PARTE DAMON GONZALES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B15563-0406 IN THE 242ND DISTRICT COURT


FROM HALE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life
imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely
file a notice of appeal. Also, Applicant contends that counsel advised him that he could not appeal his
conviction. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). On 8/22/2007,
this Court remanded this application to the trial court to get an affidavit from counsel. Counsel, Kregg
Hukill, has filed an affidavit in response to this Court's remand order but it does not fully address
Applicant's claim. Specifically, it is not clear from the affidavit whether Applicant told counsel he wanted
to appeal and, if so, why counsel failed to file a timely notice of appeal. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to file a
supplemental affidavit addressing: (1) whether Applicant told counsel that he wanted to file an appeal; and
(2) why counsel failed to file a timely notice of appeal. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant told counsel that he wanted to
appeal his conviction. The trial court shall make findings of fact as to whether Applicant was denied his
right to a meaningful appeal because Applicant's counsel failed to file a timely notice of appeal. The trial
court shall also make findings of facts as to whether Kregg Hukill was appointed to represent Applicant
on direct appeal and, if not, who was appointed to represent Applicant on direct appeal. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to
the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: October 17, 2007

Do not publish